UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

BRYAN LEE CABLE                        )
                                       )
            *Petitioner*,              )
                                       )
v.                                     )        No.  3:09-cv-399
                                       )        *Jordan*
                                       )
HOWARD CARLTON, Warden,                )
                                       )
            *Respondent*.              )


**MEMORANDUM**


This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by

petitioner Bryan Lee Cable ("Cable").  The matter is before the court on the motion to

dismiss filed by the Attorney General for the State of Tennessee, on behalf of the respondent,

and petitioner's response thereto.  For the following reasons, the motion to dismiss will be

**GRANTED**, the petition for the writ of habeas corpus will be **DENIED**, and this action will

be **DISMISSED WITH PREJUDICE**.


I.      Standard of Review


A state prisoner is entitled to habeas corpus relief "only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2254.  Under Rule 8 of the Rules Governing Section 2254 Cases In The United States

District Courts, the court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If no hearing is required, the district judge is to dispose of the case as justice dictates. If the record shows conclusively that Cable is not entitled to relief under § 2254, there is no need for an evidentiary hearing and the petition should be denied. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

The respondent has provided the court with copies of the relevant documents as to Cable's direct appeal and post-conviction proceedings. [Court File No. 9, Notice of Filing Documents, Addenda 1-16]. Cable was convicted by a jury in the Circuit Court for Blount County, Tennessee, of the following: two counts of aggravated burglary; two counts of theft over $10,000; two counts of burglary; and four counts of theft over $1000. He was sentenced to three years each on the convictions for aggravated burglary and theft over $10,000, and to two years each on the convictions for burglary and theft over $1000; all sentences were ordered to be served consecutively, for a total effective sentence of 24 years. Cable also received fines totally $22,000, and was ordered to pay restitution of almost $18,000. *State v. Cable*, No. E2005-00608-CCA-R3-CD, 2006 WL 1381484 at *1 (6th Cir. May 19, 2006), *perm. app. denied, id.* (Tenn. Sept. 25, 2006) [Addendum 8].

On direct appeal, Cable alleged the trial court erred in denying his request for alternative sentencing, in ordering his sentences to be served consecutive, and in imposing

excessive fines.  The Tennessee Court of Criminal Appeals affirmed the judgments, but remanded for entry of corrected judgments to correct technical errors.  *Id.*  The appellate court summarized the facts underlying Cable's convictions as follows:

> The convictions in this case stem from the defendant's participation in a number of burglaries and thefts that occurred over a period of time and involved several different victims and thousands of dollars worth of stolen items, including household furnishings and appliances, four-wheelers, lawn equipment, and an assortment of hand and power tools. In the most egregious case, the defendant and his accomplices broke into an out-of-state resident's vacation home and took almost every item that could be removed from the property, including the home's kitchen cabinets and toilets. The defendant's accomplices were brothers Jonathan and Alberto Reynolds, the grandsons of the defendant's stepmother.

*Id.*

Cable next filed a petition for post-conviction relief, in which he alleged, *inter alia*, that he had received ineffective assistance of counsel.  The petition was denied by the trial court after an evidentiary hearing and the Tennessee Court of Criminal Appeals affirmed. *Cable v. State*, No. E2007-02668-CCA-R3-PC, 2009 WL 348563 (Tenn. Crim. App. Feb. 12, 2009), *perm. app. denied, id.* (Tenn. June 15, 2009) [Addendum 15].

In support of his petition for the writ of habeas corpus, Cable alleges seven grounds for relief:  (1) the trial court improperly imposed consecutive sentences; (2) the trial court erred in imposing excessive fines; (3) Cable's *Miranda* rights were violated; (4) the convictions were based on an unlawful search and seizure; (5) trial counsel rendered ineffective assistance of counsel; (6) appellate counsel rendered ineffective assistance of counsel; and (7) post-conviction counsel rendered ineffective assistance of counsel.  [Court

File No. 2, Habeas Corpus Petition, p. 5]. The respondent contends he is entitled to judgment as a matter of law because Cable's first six claims were procedurally defaulted and thus barred from review by this court and Cable's final claim is not cognizable in federal habeas corpus proceedings.

III.    Procedural Default

The doctrine of procedural default is an extension of the exhaustion doctrine. A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254. This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. *Picard v. Connor*, 404 U.S. 270 (1971). *See also Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (Exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review."). Moreover, the substance of the claim must have been presented as a federal constitutional claim. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

Cable cannot file another state petition for post-conviction relief. Tenn. Code Ann. § 40-30-102(c). Accordingly, he has no remedy available to him in the Tennessee state courts for challenging his conviction and is deemed to have exhausted his state remedies.

It is well established that a criminal defendant who fails to comply with state procedural rules which require the timely presentation of constitutional claims waives the right to federal habeas corpus review of those claims "absent a showing of cause for the non-compliance and some showing of actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977). *Accord Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("We reaffirm, therefore, that any prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief.").

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991).

IV.     Discussion

*A. Consecutive Sentences / Excessive Fines*

On direct appeal, Cable challenged the trial court's imposition of consecutive sentences and the imposition of excessive fines. He raised these issues, however, solely as

a matter of state law. [Addendum 6, Brief of Appellant, pp. 16-18, 19-21, respectively]. Accordingly, these claims were procedurally defaulted and this court lacks jurisdiction to consider the claims.

> A federal court will not address a habeas petitioner's federal constitutional claim unless the petitioner has first fairly presented the claim to the state courts. Fair presentation of a federal constitutional issue to a state court requires that the issue be raised by direct citation to federal cases employing constitutional analysis or to state cases relying on constitutional analysis in cases with similar fact patterns.

*Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) (internal citation omitted).


### B. Miranda Rights / Illegal Search and Seizure

In his *pro se* petition for post-conviction relief, Cable alleged, *inter alia*, that his convictions were based on the use of evidence obtained pursuant to an unconstitutional search and seizure and a violation of the privilege against self incrimination. [Addendum 10, Technical Record, Vol. 1, pp. 5- 27, Post-Conviction Petition, pp. 12, 14-17]. The Tennessee Court of Criminal Appeals noted, however, that by his amended post-conviction petition, "[t]he petitioner abandoned grounds that his convictions were based upon illegally seized evidence or a violation of his privilege against self-incrimination and that newly discovered evidence affected his convictions." *Cable v. State*, 2009 WL 348563 at *1. In addition, the only claim pursued on appeal from the denial of post-conviction relief was "Whether the attorney for the appellant in the trial court provided ineffective assistance of counsel by failing to file a motion to sever the multiple cases." [Addendum 13, Brief of the Appellant, p. 6].

Cable contends that post-conviction counsel pared down the appeal from denial of post-conviction relief to exclude certain issues, in direct contravention of Cable's express wishes. For that reason, Cable argues he should be excused from his procedural default. Cable's allegations of error on the part of post-conviction counsel, however, do not constitute sufficient cause to afford relief in this court.

Attorney error will constitute cause only if it rises to the level of constitutionally ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Coleman v. Thompson*, 501 U.S. 722, 755 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). *See also McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

Ineffective assistance of counsel, however, cannot violate the constitution where there is no Sixth Amendment right to counsel, *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982), and a post-conviction petitioner has no constitutional right to counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Murray v. Carrier*, 477 U.S. at 488. Accordingly, Cable's allegations of attorney error cannot suffice as "cause" to excuse his procedural default. *See Coleman v. Thompson*, 501 U.S. at 752; *see also Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 426 (6th Cir. 2003) ("To the extent Gulertekin may assert ineffective assistance of her post-conviction counsel as cause for the procedural default of her claim for ineffective assistance of trial counsel, she is barred by the fact that she has no constitutional right to such counsel. Thus, she is unable to demonstrate cause for the procedural default of this claim.").

7

As Cable lacks cause for his state procedural default, this court need not consider whether he would be prejudiced by his inability to raise the claims in these proceedings. *McCleskey v. Zant*, 499 U.S. at 502; *Murray v. Carrier*, 477 U.S. at 494 (Supreme Court rejected proposition that showing of prejudice allows relief in the absence of cause). Furthermore, having determined that the petitioner cannot show cause as a matter of law, there is no need for an evidentiary hearing in this matter. *McCleskey v. Zant*, 499 U.S. at 494.

### *C. Ineffective Assistance of Trial and Appellate Counsel*

Petitioner has raised numerous allegations of ineffective assistance of trial counsel and appellate counsel on direct appeal. As noted, however, the only claim preserved on appeal from the denial of post-conviction relief was that trial counsel should have filed a motion to sever the charges. That claim is not raised in the pending habeas petition. Accordingly, Cable has procedurally defaulted his claims of ineffective assistance of trial and appellate counsel, and the failure of his post-conviction counsel to pursue those claims does not constitute cause to excuse the procedural default.

*D. Ineffective Assistance of Post-Conviction Counsel*

Cable alleges that he received ineffective assistance of counsel during his post-conviction proceedings. This claim, however, is barred from review by statute. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).

V.     Conclusion

The respondent's motion to dismiss will be **GRANTED**, the petition for habeas corpus relief will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. Cable having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** Cable leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan
United States District Judge
